IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KIDADA SAVAGE | : | NO. 07-550-06 |


**SURRICK, J.**                                                                                   **FEBRUARY 1, 2013**

**<u>MEMORANDUM</u>**

Presently before the Court is Defendant Kidada Savage's Motion Requesting That The

United States Provide Notice of Rule 404(b) Evidence That It Intends To Use At Trial (ECF No.

440) and Motion to Strike Surplusage from Third Superseding Indictment and Motion *in Limine*

to Preclude Evidence of Bad Acts (ECF No. 771).  For the following reasons, the Motions will be

denied.

**I.      BACKGROUND[1]**

On June 22, 2011, a federal grand jury in Philadelphia returned a seventeen-count Second

Superseding Indictment charging Defendant Kidada Savage with:  conspiracy to participate in a

racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); six counts of murder in

aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 10-15); retaliating against a

witness, in violation of 18 U.S.C. § 1513 (Count 16); and use of fire to commit a felony, in

violation of 18 U.S.C. §§ 844(h)(1) and (h)(2) (Count 17).  (Second Superseding Indictment,

---

[1] A more detailed factual background of this case is set forth in our June 1, 2012
Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment
on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding
Indictment on Double Jeopardy Grounds.  (ECF Nos. 507, 508.)

ECF No. 229.)[2]  In the Second, Third, and Fourth Superseding Indictments, Defendant was

charged, along with three co-defendants — her brother Kaboni Savage, Robert Merritt, and

Steven Northington.  On March 14, 2011, the Government filed a Notice of Intent to Seek the

Death Penalty against Savage, Merritt, and Northington pursuant to 18 U.S.C. §§ 3591, *et seq*.

(ECF Nos. 196, 197, 198.)  The Government is not seeking the death penalty for Defendant.

The Fourth Superseding Indictment ("Indictment") alleges that Defendant was an

enforcer for Kaboni Savage's drug organization who participated in murders, murder conspiracy,

arson, conspiracy to distribute controlled substances, witness tampering, and witness retaliation.

(Fourth Superseding Indictment 9, ECF No. 480.)  Specifically, the Fourth Superseding

Indictment alleges that Defendant:   threatened a number of potential witnesses and their families

relating to possible testimony against Savage; enabled threats being issued to witnesses by

serving as a conduit and performing research on witnesses and their families; contributed names

to the Internet website "whosarat.com"; and conspired with others and facilitated the arson-

murders of six individuals, including four children, in witness Coleman's home, located at 3256

North Sixth Street, Philadelphia, Pennsylvania.  (Fourth Superseding Indictment 16-19, 21-24,

28-29.)

Defendant has filed a Motion Requesting That The United States Provide Notice of Rule

---

[2] On May 9, 2012, a federal grand jury in Philadelphia returned a Fourth Superseding
Indictment.  (ECF No. 480.)  The Fourth Superseding Indictment is almost identical to the Third
Superseding Indictment, except for four minor changes, which include rearranging three covert
acts in chronological order, changing the dates of two overt acts, and changing the initials of one
cooperating co-conspirator.

404(b) Evidence That It Intends To Use At Trial. (Def.'s Initial Mot., ECF No. 440.)[3] On

December 2, 2012, Defendant filed an additional Motion to Strike Surplusage from Third

Superseding Indictment and Motion *in Limine* to Preclude Evidence of Bad Acts. (Def.'s Mot.,

ECF No. 771.)[4] The Government filed a response on February 1, 2013. (Gov't's Resp., ECF No.

1011.) Defendant seeks to strike six paragraphs – paragraphs 63, 68, 115, 116, 118, and 130 –

from the Indictment. (Def.'s Mot. 5.) In addition, Defendant claims that the Government intends

to introduce evidence of the conduct contained in those challenged portions of the Indictment in

violation of Federal Rules of Evidence 403 and 404(b). (*Id.*)

## II.    DISCUSSION

### A.    Surplusage

Defendant argues that six paragraphs of the Indictment allege events that are not intrinsic

to the conspiracy and should be stricken. Each of the challenged paragraphs in the Indictment

falls within the section listing overt acts, which is the conduct in which Defendants engaged to

effect the objects and purposes of the RICO conspiracy charged in Count 1 of the Indictment.

(*See* Fourth Superseding Indictment 9.)

Under Federal Rule of Criminal Procedure 7(d), "[u]pon the defendant's motion, the

court may strike surplusage from the indictment or information." The notes to subdivision (d)

---

[3] In Defendant's first Motion, she requested that the Government provide notice of all other crimes and wrongs that it will seek to introduce at trial. (Def.'s Initial Mot. 3.) In its response to that Motion, the Government indicated that all of the evidence it intends to introduce against Defendant at trial will be intrinsic to the conspiracy. (ECF No. 462.)

[4] Defendant's Motion seeks to strike surplusage from the Third Superseding Indictment. (*See* Def.'s Mot. 2-3.) As discussed above, the operative indictment is the Fourth Superseding Indictment, which is substantially similar to the Third Superseding Indictment. We will consider Defendant's challenges as challenges to the Fourth Superseding Indictment.

provide that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's notes; *see also United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006). "Under the exacting standard by which they are evaluated, motions to strike surplusage are rarely granted." *United States v. Alsugair*, 256 F. Supp. 2d 306, 317 (D.N.J. 2003) (citing *United States v. Giampa*, 904 F. Supp. 235, 271 (D.N.J. 1995)). The Third Circuit has observed that "the scope of a district court's discretion to strike material from an indictment is narrow." *United States v. Pharis*, 298 F.3d 228, 248 (3d Cir. 2002).

Paragraph 63 alleges that "[o]n or about May 27, 2004, in Philadelphia, Kidada Savage obtained a license to carry a firearm in the Commonwealth of Pennsylvania." (Indictment 19.) Paragraph 68 alleges that "[o]n or about July 1, 2004, in Philadelphia, Kidada Savage purchased a Rossi .38 caliber handgun." (*Id.* at 20.) With regard to both of these allegations, Defendant argues that "[t]here is nothing criminal or even relevant about [Defendant's obtaining of a license to carry a firearm] that makes it remotely intrinsic to this RICO conspiracy" and that "[t]here is no allegation in the indictment or discovery that remotely suggests that the legal act of purchasing a handgun by Savage is intrinsic to the RICO conspiracy." (Def.'s Mot. 6-7.)

Two paragraphs of the Indictment challenged by Defendant refer to Internet profiles maintained by Defendant. Paragraph 115 alleges that "[o]n or about January 15, 2005, in Philadelphia, Kidada Savage, using the nickname 'Diz Matic' and a contact e-mail of 'dizmatic20@yahoo.com,' posted 'Informant Profiles' for witnesses Eugene Coleman, Myron Wilson and Craig Oliver on the internet website, 'whosarat.com.'" (Fourth Superseding Indictment 28-29.) Similarly, Paragraph 130 alleges that "[o]n or about April 24, 2007, in

Philadelphia and elsewhere, Kidada Savage maintained a 'Myspace' web page on the internet, containing her photograph, the nickname 'DA,' Myspace URL 'http://www.myspace.com/dizmatic215,' and the wall quote, 'C wut I discovered is yall some snitch lovers, I might speak, but I don't fuck wit nobody.'" (*Id.* at 31.) Defendant challenges these paragraphs of the Indictment as being insufficiently connected to the charged conspiracy. (Def.'s Mot. 7-8.)

Defendant also seeks to strike paragraph 116 from the Indictment, which alleges that "[o]n or about February 14, 2005, in Philadelphia, Kidada Savage wrote a letter to Kaboni Savage, which letter, referring to witnesses and law enforcement officers, stated, 'I hope all them cock suckers die, I hope they die, they're mom's, wive's, children, there whole family (sic).'" (Indictment 29.) In a similar vein, Defendant challenges paragraph 118 of the Indictment, which alleges that "[o]n or about February 20, 2005, in Philadelphia, Kidada Savage threatened U.S. Bureau of Prisons employees at the FDC-Philadelphia, stating that she 'should have brought (her) motherfucking gun,' while making a shooting gesture." (*Id.*) Defendant argues that neither of these statements are evidence that proves the existence and nature of the enterprise or any other facet of the enterprise. (Def.'s Mot. 8.)

Defendant's arguments are unpersuasive. In describing the racketeering enterprise, the Indictment alleges that "[t]he KSO was an organization dedicated to committing drug trafficking offenses and violent crimes, including murder, arson, money laundering, the use and carrying of firearms during and in relation to violent crimes and drug trafficking crimes, witness tampering, retaliation against witnesses, and assault and battery." (Fourth Superseding Indictment 6.) The Government bears the burden of proving that Defendant was a member of the KSO, a

5

racketeering enterprise. 18 U.S.C. § 1962(d). Defendant's obtaining of a gun license and purchase of a handgun, use of the Internet to threaten witnesses and reveal her intent to retaliate against such witnesses, communications with her brother about implicit threats to witnesses and law enforcement officials, and direct threats to law enforcement officials are all acts that fit the conduct of the racketeering enterprise of which it is alleged that she was a member. These allegations are all highly relevant and will not be stricken from the Indictment. *See United States v. Colbert*, No. 08-411, 2011 WL 3360112, at *5 (W.D. Pa. Aug. 3, 2011) (refusing to strike special sentencing factor charging racketeering activity in superseding indictment).

**B.      Rules 403 and 404(b)**

Defendant contends that Rule 404(b) requires that the Government provide notice of prior bad acts in advance of trial. (Def.'s Mot. 10 (citing Federal Rule of Evidence 404(b).) Despite acknowledging the Government's contention that such evidence is intrinsic to the charged RICO conspiracy and, therefore, not Rule 404(b) prior bad act evidence, Defendant argues that the Government's failure to provide notice to Defendants should inhibit the Government from introducing the aforementioned overt acts into evidence at trial. (*Id.*)

*1.      Rule 404(b)*

Federal Rule of Evidence 404(b) prohibits the use of crimes, wrongs, or other acts as character evidence "in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). To be admissible under Rule 404(b), evidence must: (1) have a

proper evidentiary purpose; (2) be relevant under Federal Rule of Evidence 402[5]; (3) contain a probative value that outweighs its prejudicial effect under Federal Rule of Evidence 403; and (4) be accompanied by an appropriate limiting instruction.[6]  *See United States v. Huddleston*, 485 U.S. 681, 691-92 (1988); *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988) (applying *Huddleston* four-part test in the Third Circuit).  Evidence extrinsic to the charged conduct must be analyzed under the Rule 404(b).  *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).

In the Third Circuit, evidence is intrinsic, and thus, not subject to a Rule 404(b) analysis, if it fits into either of two narrow categories.  Evidence is intrinsic if the evidence directly proves the charged offense.  *Id.* (citing *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002); *United States v. Gibbs*, 190 F.3d 188, 218 (3d Cir. 1999); *see also United States v. Benjamin*, 125 F. App'x 438, 441 (3d Cir. 2005) (affirming district court ruling regarding intrinsic nature of uncharged evidence of fraud).  Evidence of uncharged misconduct, which directly proves the charged offense is not evidence of some "other" crime.  *Green*, 617 F.3d at 249 (citing *Gibbs*, 190 F.3d at 218).  Evidence is also intrinsic if it constitutes "'uncharged acts performed contemporaneously with the charged crime' that 'facilitate the commission of the charged crime.'"  *United States v. Shelow*, No. 10-0037, 2011 WL 6130974, at *3 (E.D. Pa. Dec. 9, 2011) (quoting *Green*, 617 F.3d at 249).

---

[5] Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the United States Constitution, a federal statute, these rules, or other rules prescribed by the Supreme Court.  Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

[6] Federal Rule of Evidence 105 provides that "[i]f the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury."  Fed. R. Evid. 105.

In the conspiracy context, evidence is intrinsic if it directly proves the charged conspiracy. *Cross*, 308 F.3d at 320. "Since proof of a pattern of racketeering activity (i.e., proving two or more racketeering acts) is necessary to establish a RICO violation, evidence of co-conspirators in a predicate conspiracy constitutes direct evidence of the charged offense and it is therefore admissible to prove the charged RICO violation." *United States v. Irizarry*, 341 F.3d 273, 296 (3d Cir. 2003) (internal citations omitted); *Cross*, 308 F.3d at 320 (finding that appellant's involvement in price-fixing scheme was outside the civil rights conspiracy and subject to a Rule 404(b) analysis); *see also Gibbs*, 190 F.3d at 217 (finding that district court did not abuse its discretion in permitting the introduction of evidence of uncharged acts of violence, which furthered a cocaine conspiracy).

Defendant contends that the acts the Government intends to introduce into evidence are only relevant insofar as they bear upon her character. (Def.'s Mot. 11.) The Government responds that the portions of the Indictment challenged by Defendant are part of the charged conspiracy, and are therefore intrinsic acts. (Gov't's Resp. 2-3.) For the same reasons the challenged portions of the Indictment will not be stricken from the Indictment, we conclude that the conduct listed in the Indictment as overt acts by the grand jury is intrinsic to the conspiracy. The Indictment alleges that "[t]he KSO was an organization dedicated to committing drug trafficking offenses and violent crimes, including murder, arson, money laundering, the use and carrying of firearms during and in relation to violent crimes and drug trafficking crimes, witness tampering, retaliation against witnesses, and assault and battery." (Fourth Superseding Indictment 6.) The acts identified by Defendant directly prove the RICO conspiracy. Rule 404(b) does not apply here.

### 2.    *Rule 403*

Regardless of whether evidence is deemed extrinsic or intrinsic, we must perform a Rule

403 analysis.  *United States v. Lenegan*, 425 F. App'x 151, 155-56 (3d Cir. 2011).  Under

Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of one or more of the following:  unfair prejudice;

confusing the issues; misleading the jury; undue delay; wasting time; or needlessly presenting

cumulative evidence."  District courts are empowered with broad discretion to determine whether

evidence should be excluded under Rule 403.  *United States v. Pelullo*, 14 F.3d 881, 888 (3d Cir.

1994).  In performing its analysis, the court is to "appraise the genuine need for the challenged

evidence and balance that necessity against the risk of prejudice to the defendant."  *Id.* (quoting

*Gov't of the Virgin Islands v. Archibald*, 987 F.2d 180, 186 (3d Cir. 1993)).  The prejudice that

the court is to measure is "unfair prejudice . . . based on something other than [the evidence's]

persuasive weight."  *United States v. Bergrin*, 682 F.3d 261, 279 (3d Cir. 2012) (alteration in

original) (quoting *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003)).  "'Rule 403

does not provide a shield for defendants who engage in outrageous acts . . .  It does not generally

require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story

in a monotone.'"  *United States v. DeMuro*, 677 F.3d 550, 559 (3d Cir. 2012) (quoting *United

States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998)).

Defendant contends that the acts the Government intends to introduce at trial will appeal

to the jury's sympathies and arouse its sense of horror while encouraging the jury to convict

Defendant based on past conduct.  (Def.'s Mot. 12.)  We conclude that the evidence identified by

Defendant is highly probative.  The paragraphs referring to Defendant's obtaining a gun license

and purchasing of a gun link Defendant to the KSO, as the use and carrying of firearms with

regard to violent and drug trafficking crimes, witness tampering, retaliation against witnesses,

and assault and battery are consistent with the stated allegations regarding the racketeering

enterprise. (*See* Fourth Superseding Indictment 6.) The evidence regarding Defendant's implicit

threats to witnesses posted on the Internet, and in person threats issued to law enforcement

officials, is probative in establishing Defendant's connection to the KSO and relevant to proving

her intent to threaten, intimidate, and murder Government witnesses and law enforcement

officials and her consciousness of guilt. Defendant does not articulate how this evidence would

be unduly prejudicial.

## III.     CONCLUSION

For the foregoing reasons, Defendant Kidada Savage's Motions will be denied.

An appropriate Order follows.

**BY THE COURT:**


**/s/R. Barclay Surrick**
**U.S. District Judge**

10