# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CASE NO. 07-550 |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | |
| ROBERT MERRITT | : | |
| STEVEN NORTHINGTON | : | |
| KIDADA SAVAGE | : | |

## DEFENDANT KIDADA SAVAGE'S SUPPLEMENTAL BRIEF
## IN SUPPORT OF HER MOTION FOR A MISTRIAL

Kidada Savage submits this Supplemental Brief to address some of the surprising developments that occurred in the courtroom on Monday, and that go to the heart of the adjudication of this matter.

First, Ms. Savage was shocked to learn, when Mr. Stretton so informed the Court, that Mr. Phillips did not wish to oppose the motion for a mistrial, but that Mr. Stretton proceeded to do so on Mr. Phillip's behalf and over his protests. Not only was this an odd waiver of the privilege between lawyer and client in open court and a surprising admission by Mr. Stretton acting contrary to his client's wishes, but the protestations are belied by the facts. Mr. Stretton filed that brief on May 30. The hearing was held on June 17. If, in fact, Mr. Phillips wished to disavow the memorandum, he had plenty of opportunity to do so. He also had plenty of opportunity to avoid opposing the motion in court. But instead Mr. Phillips and his lawyer took the most aggressive stance to undermine his client's objectives, with the result that the government basically was represented by Mr. Stretton and his client in these proceedings, side-switching at its worst.

Mr. Phillips sought to dignify his ethical break with his client by wrapping himself in the self-righteous role as the carrier of the "truth." The effort should be unavailing. Mr. Phillips, of

course, if called to testify was obliged to recount the facts as he remembers them. What he was not permitted to do was take a position adverse to his client without a) warning the client and b) seeking permission to withdraw because of the direct conflict thereby created. And he had to notify the client when he first harbored the thought that he was going to oppose Ms. Savage's stated objectives, not notify her of his conflict by the filing of a brief to that effect.

Second, Ms. Savage urges the Court to go back and read the government's original memorandum on this matter, particularly the important doctrines relating to conflicts of interest that are discussed therein. It was the government that made it clear to this Court that a conflict would arise even if Mr. Phillips had no memory of these matters, even if his participation in the matter was simply a question of days, even if the conflicting representation was long ago; the conflict remains, and the lawyer is deemed to possess confidential information. One is left to wonder, then, why those opposing the motion for a mistrial spent so much time asking Mr. Phillips questions relating to these topics, since the answers remain irrelevant to any determination of the conflict. It was also the government that pointed out that a waiver of the conflict of interest from the City of Philadelphia was a required professional responsibility mandate; yet, instructively, none was produced at the hearing.

Third, with respect to Mr. Phillips' so-called "new" conflict (in our view simply a reflection of the old one), it was the government's position that it arose, Phoenix-like, full blown on May 30, 2013. But, in fact, the Court well understands it took weeks to prepare that response, and the proper date for the onset of the "new" conflict must be when the thought first arose, while the trial was still proceeding, tainting Mr. Phillips' representation of Ms. Savage even more than it was tainted by Mr. Phillips' earlier conflict.

Fourth, for the first time there was a suggestion at the hearing that the fact that Mr. Phillips had unconflicted co-counsel somehow cured his conflict. That can never be the case. First, Mr. Phillips' co-counsel was as unaware as anyone that Mr. Phillips was acting under a conflict of interest. Second, there is no demonstration that Mr. Phillips co-counsel and he did every activity in the case together. In fact, one would be shocked to find that were the case. Third, the case law makes it clear that adding unconflicted counsel is no cure. *See United States v. Swartz*, 975 F.2d 1042, 1048 n.7 (4th Cir. 1992) ("One attorney burdened by an actual conflict of interest cannot cure that conflict by the substitution of another attorney who is himself free from conflict."); *State v. Hutton*, 797 N.E.2d 948, 957 (2003) (a claim of ineffective assistance of counsel on appeal based on one lawyer's conflict of interest not cured by the fact that co-counsel was conflict free).

For the foregoing reasons, and for all of the reasons addressed in Defendant Kidada Savage's Motion for a Mistrial and Reply Memorandum of Law, Kidada Savage respectfully requests that this Court grant her motion for a mistrial.

Respectfully submitted,

Dated: June 19, 2013.

/s Lawrence J. Fox
Lawrence J. Fox (I.D. No. 15261)
DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-2700
Email: Lawrence.Fox@dbr.com

# CERTIFICATE OF SERVICE

I, Lawrence J. Fox, hereby certify that, on June 19, 2013, I caused a true and correct copy of the foregoing Supplemental Brief in Support of Defendant Kidada Savage's Motion for a Mistrial to be served via the Court's electronic case filing system upon the following:

David E. Troyer
John M. Gallagher
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
david.troyer@usdoj.gov
john.gallagher3@usdoj.gov

Samuel C. Stretton
PO Box 3231
301 South High Street
West Chester, PA 19381
s.stretton@verizon.net
Attorney for Chris Phillips

Christopher Phillips
1518 Walnut Street, Suite 1406
Philadelphia, PA 19102
cphillips@bartonandphillips.com
Attorney for Kidada Savage

Teresa Whalen
801 Wayne Avenue, Suite 400
Silver Spring, MD 20910
whalenesq@aol.com
Attorney for Kidada Savage

Christian J. Hoey
50 Darby Road
Paoli, PA 19301-1416
rubino.hoey.law@verizon.net
Attorney for Kaboni Savage

William B. Purpura
8 E. Mulberry Street
Baltimore, MD 21202
wpurp@aol.com
Attorney for Kaboni Savage

William Spade
1525 Locust Street, Suite 1400
Philadelphia, PA 19102-3732
will@spadelaw.com
Attorney for Robert Merritt

Paul M. George
239 South Camac Street
Philadelphia, PA 19107
pgeorge@mckinneyandgeorge.com
Attorney for Robert Merritt

Thomas C. Egan, III
621 Swede Street
Norristown, PA 19401
tom101861@aol.com
Attorney for Steven Northington

William L. Bowe
1420 Walnut Street, Suite 1400
Philadelphia, PA 19102
wlbcrimlaw@comcast.net
Attorney for Steven Northington

/s Lawrence J. Fox
Lawrence J. Fox