IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 07-550 |
| v. : | |
| : | |
| KIDADA SAVAGE : | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING DEFENDANT KIDADA SAVAGE'S MOTION TO APPOINT NEW COUNSEL

The United States of America, by Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, David E. Troyer and John Gallagher, Assistant United States Attorneys, and Steven D. Mellin, Trial Attorney, U.S. Department of Justice, hereby files this supplemental memorandum of law in response to the defendant Kidada Savage's reply concerning her motion to appoint new counsel.

The defendant persists in her assertion that she is entitled to representation by two attorneys at this stage of the proceedings. She is incorrect, and the overwhelming body of case law operates in her disfavor.

The defendant first cites the statute, Title 18, United States Code, Section 3005, which refers to persons "indicted for treason or other capital crime(s)." The term "capital crime" which hardly needs defining, means a crime for which the defendant could be put to death. The defendant does not meet that definition, as the Attorney General decided long ago that the government would not file a notice of intent to seek the death penalty.

Of the eight Circuit Courts of Appeal that have addressed the issue presented here (whether a defendant initially charged in a capital case but no longer facing the death penalty is

1

entitled to two attorneys), seven Circuits have answered that question in the negative, while only one has answered in the affirmative. The First, Second, Third, Seventh, Eighth, Ninth, and Eleventh Circuits have all issued opinions that have either held that such a defendant is not entitled to two lawyers, or have analyzed the issue to conclude that there is no such entitlement. Only the Fourth Circuit has held to the contrary (in a two-to-one opinion), and even the Fourth Circuit later held that a failure to appoint a second counsel can be harmless error.

The vast majority of appellate courts recognize that the purpose of appointing a second "learned" counsel under 18 U.S.C. 3005 is to guard against a wrongful death sentence. The Ninth Circuit stated that "the purpose of the two-attorney right is to reduce the chance that an innocent defendant would be put to death because of inadvertence or errors in judgment of his counsel." United States v. Waggoner, 339 F.3d 915, 918 (9th Cir. 2003).

While the Third Circuit has not ruled on this precise issue, it has clearly recognized that a defendant no longer facing the death penalty is not deprived of any fundamental rights as a result of having just one attorney. United States v. Casseus, 282 F.3d 253, 256 (3d Cir.), cert. denied, 537 U.S. 852 (2002). In Casseus, the defendants were indicted for a capital offense, but the district court did not appoint them second attorneys under the statute. The defendants later pled guilty, and did not face the death penalty. The Third Circuit recognized that the defendants, when initially charged with a capital offense, were entitled to two attorneys, but held that the district court's failure to appoint second lawyers was harmless because when the defendants pled guilty, they no longer faced the death penalty. The Third Circuit stated, "(A)fter the government declared that it would not seek the death penalty, the appellants were no longer capital defendants." Id. Thus, under Third Circuit analysis, Kidada Savage is not a capital defendant.

Courts in the First, Second, Third, Eighth, Ninth, Tenth, and Eleventh Circuits all appear to be in accord that a defendant no longer facing the death penalty is not entitled to second counsel.  In Re Sterling-Suarez, 306 F.3d 1170, 1174-75 (1st Cir. 2002); United States v. Pesante-Lopez, 582 F.Supp.2d 186, 188-89 (D. P.R. 2008); United States v. Rodriguez-Berrios, 385 F.Supp.2d 134, 135-36 (D. P.R. 2005); United States v. Douglas, 525 F.3d 225, 235-37 (2d Cir. 2008); United States v. Davidson, 1992 WL 165825 at *3-4 (N.D.N.Y., July 10, 1992); United States v. Casseus, 282 F.3d 253, 256 (3d Cir.), cert. denied, 537 U.S. 852 (2002); United States v. Jones, 2008 WL 2967028 at *1-2 (D. N.J., July 31, 2008) (the court recognizing that the defendant was not entitled to a second attorney, but allowing the defendant to maintain second counsel in the court's discretion); United States v. Shepherd, 576 F.2d 719, 727-29 (7th Cir.), cert. denied, 439 U.S. 852 (1978); United States v. Weddell, 567 F.2d 767, 770-71 (8th Cir. 1977); United States v. Waggoner, 339 F.3d 915, 917-19 (9th Cir. 2003); United States v. Grimes, 142 F.3d 1342, 1347 (11th Cir. 1998), cert. denied, 525 U.S. 1088 (1999).

The defendant's citation to In Re Sterling-Suarez is incomplete, if not misleading.  There, the district court refused to appoint second counsel to a defendant charged with a capital offense, while the government recommended a delay in appointment until a notice to seek death penalty was filed.  The defendant sought a writ of mandamus, while still facing the death penalty.  The First Circuit granted the writ, but recognized the distinction between that defendant, who still faced the death penalty, and those who, while initially charged with a capital offense, no longer do.  Id., 306 F.3d at 1174.

The Fourth Circuit is the sole Circuit to rule, in a 2-1 opinion, that a defendant once charged with a capital crime retains the right to two attorneys.  United States v. Boone, 245 F.3d 352, 358-61 (4th Cir. 2001).  However, even the Fourth Circuit has admitted that their ruling

is one of statutory interpretation, not one of any fundamental right. In fact, that court subsequently ruled that a district court's failure to appoint a second counsel to a defendant no longer facing the death penalty was harmless error. United States v. Robinson, 275 F.3d 371, 383-84 (4th Cir.), cert. denied, 535 U.S. 1006 (2002).

The government suggests that this Court follow the analysis of the Third Circuit and its seven sister Circuits, and reject the defendant's request for the appointment of a new second counsel, because she is not entitled to second counsel as a non-capital defendant. The government recognizes that the Court has discretion to make the appointment, but suggests that at this stage of the proceedings, such an appointment is wholly unnecessary. The defendant, with the benefit of two attorneys (to which the government acceded), has been through a long case and a lengthy trial, and was found guilty. Her sentence is mandated by statute, and no appointment of second counsel will change the fact that she will be sentenced to mandatory life imprisonment plus a mandatory consecutive ten-year term of imprisonment. Under the circumstances, appointing a second attorney will only delay the sentence unnecessarily, and will further delay justice for the long-suffering family members of the innocent victims she helped slaughter.

The government and this Court have exercised both patience and prudence in permitting the defendant to proceed with two lawyers long after the Attorney General declined to seek the death penalty. But the defendant, at this late stage, now wants the appointment of a new attorney; one who will be totally unaware of the many facts, hundreds of pleadings, testimony of scores of witnesses, hundreds of item of physical evidence, and transcripts of four months of trial -- all merely to delay the imposition of an inevitable sentence. That request should be denied.

      Counsel for the defendant also suggests that current counsel, Mr. Phillips, should be dismissed without a hearing.  This is ill-advised.  The Court has every right to hear from the defendant, on the record, her wishes as to counsel.  To do otherwise is to unnecessarily court post-conviction petitions complaining about whatever the Court does or does not do.

      Thus, the government respectfully requests that this Court hold a hearing to determine, on the record and under oath, the defendant's wishes as to attorney Phillips, and that the Court deny the defendant's motion to appoint new, or additional, counsel.

      Respectfully submitted,

      ZANE DAVID MEMEGER
      United States Attorney


      /s/ David E. Troyer
      David E. Troyer
      John Gallagher
      Assistant United States Attorneys

      Steven D. Mellin
      Trial Attorney
      U.S. Department of Justice

CERTIFICATE OF SERVICE

I certify that on this the 1st day of October, 2013, this pleading was electronically filed, and thus served, on defense counsel:

Christopher P. Phillips, Esquire
1518 Walnut Street, Suite 1406
Philadelphia, PA 19102

Teresa Whalen, Esquire
801 Wayne Avenue, Suite 400
Silver Spring, MD 20910
Attorneys for Kidada Savage

                                            /s/ David E. Troyer
                                            David E. Troyer
                                            Assistant United States Attorney