IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-550 - 06 |
| KIDADA SAVAGE | : | |

**SURRICK, J.**                                                                                              **DECEMBER  17 , 2013**

## MEMORANDUM

Presently before the Court is Kidada Savage's Motion for Reconsideration of Order Denying Motion for Mistrial. (ECF No. 1536.) For the following reasons, Defendant's Motion will be denied.

**I. BACKGROUND**

The factual background of this case is fully set forth in our Memorandum dated September 11, 2013. (Sept. 11, 2013 Order and Mem., ECF Nos. 1530, 1531.) On May 13, 2013, a jury found Defendant Kidada Savage guilty of conspiring to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), six counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), retaliating against a witness, in violation of 18 U.S.C. § 1513(a), and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1). (Verdict Sheet, ECF No. 1330 (filed under seal).) Defendant was tried along with co-Defendants Kaboni Savage; Steven Northington; and Robert Merritt. The Government sought the death penalty for Merritt, Northington, and Kaboni Savage. Jury selection for the trial began on November 4, 2012. The trial began with opening statements on February 4, 2013. On April 26, 2013, Defendant moved for a mistrial on grounds that Christopher Phillips, Esquire, one of her two court-appointed trial attorneys, was laboring under a conflict of interest during his

representation of her.  Phillips had previously been employed as an Assistant District Attorney in the City of Philadelphia.  During his time as an Assistant District Attorney, he was briefly assigned for nine days to prosecute Anthony Mitchell for the murder of Kenneth Lassiter.  Defendant's brother, Kaboni Savage, was also separately charged with the Lassiter murder.  The two cases were ultimately consolidated for trial.[1]  The Lassiter murder was charged as a predicate act in the instant RICO conspiracy.  In addition, Kaboni Savage was separately charged in Count 12 of the Fourth Superseding Indictment with the murder of Lassiter in aid of racketeering.  The Government did not discover that Phillips was briefly assigned to prosecute the Lassiter murder in state court until months into the trial.  Upon the discovery of Phillips's potential conflict of interest, the Government, on April 5, 2013, filed a Motion for a Hearing and Findings Regarding Mr. Chris Phillips's Prior Employment and His Current Representation of Defendant Kidada Savage.  (Gov't's Mot., ECF No. 1220.)  The Court appointed Lawrence J. Fox, Esquire as independent counsel to represent Defendant with respect to the issues raised in the Government's motion.  (*See* ECF No. 1243.)

On April 26, 2013, Defendant filed a motion for mistrial.  (Def.'s Mot. Mistrial, ECF No. 1273.)[2]  She alleged that the fact that Phillips had been assigned to the Mitchell prosecution created an unwaivable conflict of interest.  Samuel C. Stretton, Esquire was appointed to represent Phillips with respect to the alleged conflict of interest.  (*See* ECF No. 1285.)  On May 30, 2013, Stretton filed a response to the motion for mistrial, together with a memorandum of law.  (Phillips's Resp., ECF No. 1414.)  Stretton filed a supplement to the response on June 3, 2013.  (Phillips's Supp. Resp., ECF No. 1423.)  On May 14, 2013, after fifty-five days of trial,

---

[1] The trial resulted in an acquittal when one of the Commonwealth's primary witnesses was murdered on the eve of trial.  Phillips was not involved in that trial.

[2] The motion for mistrial was filed by Fox.

the jury returned verdicts in the guilt phase.  The penalty phases of the trial for Defendants Steven Northington and Kaboni Savage were completed on June 14, 2013.

On June 17, 2013, we held a hearing on issues raised in Kidada Savage's Motion for Mistrial.  (*See* Min. Entry, ECF No. 1471; *see also* June 17, 2013 Hr'g Tr., ECF No. 1525.)  Defendant and Phillips both testified at the hearing.  Phillips testified that he had no recollection of his assignment to the Anthony Mitchell prosecution, and that he took no action to prepare the case for trial during the nine days that it was assigned to him.  (June 17 Hr'g Tr. 18, 23, 25.)  Phillips was a credible witness.  On June 19, 2013, Defendant filed a supplemental brief in support of her motion for mistrial.  (Def.'s Supp. Br., ECF No. 1486.)  On September 10, 2013, the Government filed a supplemental memorandum in opposition to Defendant's motion for mistrial.  (ECF No. 1528.)  On September 11, 2013, we filed a Memorandum and Order granting the Government's motion and denying Defendant's motion for mistrial.  (Sept. 11, 2013 Order and Mem.)  We determined that Phillips's brief assignment to the Anthony Mitchell prosecution did not create a conflict of interest justifying a mistrial.  (Sept. 11, 2013 Mem.)  On September 24, 2013, Defendant filed this Motion for Reconsideration.  (Def.'s Mot. and Br., ECF No. 1536.)

## II.  DISCUSSION

### A.  Legal Standard

"[M]otions for reconsideration may be filed in criminal cases."  *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003).  The Court may grant a motion for reconsideration if the moving party shows:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe ex rel.*

3

*Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see United States v. Northington*, No. 07-550-05, 2012 WL 3279197, at *4 (E.D. Pa. Aug. 10, 2012), *United States v. Croce*, 355 F. Supp. 2d 774, 775 n.1 (E.D. Pa. 2005). Motions to reconsider will only be granted for "compelling reasons, such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (citations omitted).

B.  **Analysis**

Defendant claims that in granting the Government's motion and denying her motion for mistrial, the Court erred as a matter of law. Specifically, Defendant takes issue with the Court's reasoning surrounding the "new conflict" that arose when Phillips responded to Defendant's Motion for Mistrial. Defendant claims that this Court mistakenly concluded that Phillips's response did not create a conflict of interest in violation of Pennsylvania Rule of Professional Conduct 1.7(a). To support her claim, Defendant now argues that Phillips's self-interest materially limited his ability to represent Defendant. Defendant cites cases that were not previously mentioned to support this proposition. (Def.'s Br. 1.) Defendant also claims that the Court's reliance on Phillips's duty of candor to the tribunal to support its ruling was misguided. (*Id.* at 3.) Finally, Defendant claims that this Court's conclusion that the "new conflict" did not arise until after the trial is incorrect, suggesting instead that the conflict arose the moment Defendant filed her Motion for Mistrial in April 2013. (*Id.* at 4.) Defendant's arguments are unpersuasive.

In our September 11, 2013 Memorandum, we determined that Phillips's opposition to Defendant's Motion for Mistrial did not create a "new" concurrent conflict of interest in violation of Rule 1.7(a). Defendant argues on reconsideration that Phillips's opposition to

4

Defendant's Motion caused a concurrent conflict because Phillips took a position adverse to the interest of his client to serve his own self-interest. Defendant specifically claims that Phillips had a personal interest in contradicting the assertions made by the U.S. Attorney's Office that Phillips had possibly failed to disclose a conflict of interest. Defendant categorizes Phillips's action in opposing Defendant's motion for mistrial as a "betrayal" and "disloyal" while urging the Court to find that Phillips's actions were a clear violation of the black letter law of Rule 1.7(a).

After review of the black letter law of Rule 1.7(a), we reject Defendant's arguments. Pennsylvania Rule of Professional Conduct 1.7(a) states that "[a] concurrent conflict of interest exists if: . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Pa. R. Prof. Conduct 1.7(a)(2). In determining whether a conflict exists, "[t]he critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." *Id.* at cmt. 8. While Defendant has established that Phillips technically took a position "adverse" to her when he responded to her motion for mistrial, Defendant still has not established that an actual concurrent conflict existed. Defendant has failed to show how Phillips responding to Defendant's motion for mistrial—to allegedly further his self-interest—created a significant risk that her representation during the trial was materially limited. In addition, it must be noted that Defendant had two competent lawyers protecting her interest. Phillips's co-counsel, Teresa Whalen, was actively engaged in this trial from beginning to end along with Phillips. It has not been suggested that she had a conflict.

Defendant claims that the "new conflict" under Rule 1.7(a) arose during trial when Defendant filed her motion for mistrial, and Phillips first formed the intent to oppose Defendant's motion. While we do not accept Defendant's assertion that a conflict arose at that time, we will analyze whether a conflict existed using Defendant's assumption to show that regardless of the timing, no "new" Rule 1.7(a) conflict existed here.[3] Phillips certainly could have developed a personal interest in protecting his ethical reputation while trial was still ongoing. However, this does not establish that a concurrent conflict existed. Finding a concurrent conflict requires not only that the lawyer have a personal interest, but also that the lawyer's personal interest significantly risks materially interfering with the lawyer's professional judgment in representing his client. No such showing has been made here. Defendant has not pointed to a single act or instance where Phillips's personal interest interfered with her representation. In fact, Defendant has not in any way explained how her representation would have differed had Phillips's personal interest in protecting his ethical reputation not been implicated during her trial. In this rather unique situation, Phillips's personal interest in protecting his professional reputation had nothing to do with his handling of Defendant's defense.

We fail to see how Phillips's interest in protecting his ethical reputation by wanting to rebut the allegation that he was laboring under a conflict of interest could have limited, let alone

---

[3] In the September 11 Memorandum, we found that any "new conflict" resulting from Phillips's response to Defendant's motion for mistrial did not occur until after Defendant's trial, when Phillips's response was filed. In making this finding, we rejected Defendant's argument that the "new conflict" arose during trial when Phillips could have first formed the intent to oppose Defendant's motion for mistrial. We reject this argument because Phillips did not take a position that could be viewed as conflicting with Defendant's until he filed his response after trial. We will not adopt Defendant's reasoning, which would have us assume—without factual support—that Phillips intended to oppose Defendant's motion for mistrial long before he filed his response. There is nothing in the record to support Defendant's conclusion. In any event, it makes no difference.

materially limited, Defendant's representation during trial. Phillips's interest in protecting his ethical reputation did not conflict with his interest in providing an adequate defense to Defendant. As exhibited by Phillips's response, his personal interest caused him to do no more than provide facts to the Court about his involvement in the Lassiter case when he was an Assistant District Attorney so that the Court could determine whether Phillips had failed to disclose a conflict of interest. Phillips's response was entirely unrelated to Defendant's defense or to Defendant's guilt or innocence. We are compelled to conclude that Phillips's personal interest did not create any concurrent conflict of interest with Defendant. Phillips did not betray Defendant and he was not disloyal to Defendant when he simply gave the Court the true facts regarding his involvement in the state court prosecution.

The cases cited by Defendant to support her claim that a concurrent conflict existed are easily distinguished. In those cases, conflicts existed because counsel directly undermined their clients' defenses. *See State v. Jones*, 923 P.2d 560, 567 (Mont. 1996); *State v. Barlow*, 17 A.3d 843, 848 (N.J. Super. Ct. App. Div. 2011). For instance, in *Jones*, appointed counsel placed his own personal interest in not wanting to take the case to trial before the defendant's right to an attorney devoted to his interests. 923 P.2d at 567. Counsel then tried the case "acting on his own belief that [the defendant] should be convicted" and essentially helped the state obtain a conviction against his client, creating an "obvious conflict of interest[.]" *Id.* Similarly, in *Barlow*, counsel undermined the defendant's assertions of innocence with regards to his application to withdraw his guilty plea, essentially leaving the defendant without an advocate. 17 A.3d at 848-49. Phillips's actions here are in no way similar to counsels' actions in *Jones* and *Barlow*. Phillips's interest in protecting his ethical reputation cannot be said to have helped the Government obtain a conviction against Defendant or to have undermined in any way

7

Defendant's assertion of innocence. As noted above, Phillips personal interest was completely unrelated to Defendant's defense. Simply put, Phillips providing the Court with facts about his involvement or lack of involvement in the state court prosecution by filing a response and testifying at the June 17 hearing, after trial had concluded and Defendant had been convicted, did not create a conflict of interest. This remains true even if Phillips had intended to provide the Court with those facts while trial was still ongoing, and his intention in doing so was to protect his own self-interest. Since Defendant has failed to establish that a "new" conflict of interest existed, no manifest injustice resulted when we denied Defendant's motion for mistrial based on the absence of a "new" conflict.

Our conclusion that Phillips's actions did not violate the Pennsylvania Rules of Professional Conduct is further supported by Pennsylvania Rule of Professional Conduct 3.3. Rule 3.3 explains that lawyers, as officers of the Court, owe a duty of candor towards the tribunal. While Defendant is correct that the text of the Rule did not explicitly give Phillips permission to "oppose" his client's motion, the comments to Rule 3.3 could be read to require Phillips to stop Defendant from misleading the Court. Comment Two to Rule 3.3 states, "[t]his rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process . . . the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." Pa. R. Prof. Conduct cmt. 2. Here, Phillips personally knew that the motion for mistrial filed by Fox inaccurately claimed that Phillips had received confidential information about the Lassiter case while serving as an Assistant District Attorney. Phillips considered it his responsibility as an officer of the court to ensure that the Court was not misled by these inaccuracies, especially considering that he was the best source for information about his involvement in a case. (*See*

June 17 Hr'g Tr. 38-39.) As a result, Phillips filed a response informing the Court that his role in the Anthony Mitchell prosecution was almost nonexistent, and that he did not receive any confidential information. Phillips also testified about his role in the case. Given the circumstances, Phillips's actions were consistent with Rule 3.3. He acted to ensure that the Court was not misled by false statements of fact. And his testimony had nothing to do with Kidada Savage's defense. We disagree with Defendant that the appropriate action for Phillips in this case was for him to sit by and allow the Court to make a misinformed decision based on inaccurate facts. Such inaction would have violated the purpose and spirit of Rule 3.3 and would have allowed a true miscarriage of justice to occur.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration of Order Denying Motion for Mistrial will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**